1

2

3

4

5

6

7

8          UNITED  STATES  DISTRICT  COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11
HERIBERTO BOTELLO,              ) 1:12‒cv‒01702-BAM-HC
12                             )
            Petitioner,        ) ORDER DISMISSING STATE LAW CLAIMS
13                             ) WITHOUT LEAVE TO AMEND
                               ) AND DISMISSING UNCERTAIN CLAIMS
14     v.                      ) WITH LEAVE TO AMEND (DOC. 1)
                               )
15 TIM VIRGA, Warden,          ) ORDER GRANTING LEAVE TO FILE A
                               ) FIRST AMENDED PETITION NO LATER
16          Respondent.        ) THAN THIRTY (30) DAYS AFER THE
                               ) DATE OF SERVICE OF THIS ORDER
17 _____ )
                                 ORDER DIRECTING THE CLERK TO SEND
18                               A PETITION FORM TO PETITIONER

19                               **FILING DEADLINE:**
                                 **THIRTY (30) DAYS**
20

21      Petitioner is a state prisoner proceeding pro se and in

22 forma pauperis with a petition for writ of habeas corpus pursuant

23 to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

24 Petitioner has consented to the jurisdiction of the United States

25 Magistrate Judge to conduct all further proceedings in the case,

26 including the entry of final judgment, by manifesting consent in

27 a signed writing filed by Petitioner on October 24, 2012 (doc.

28 7).

1

Pending before the Court is the petition, which was filed on October 4, 2012, and transferred to this Court on October 17, 2012.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Background

Petitioner alleges that he is an inmate of the California State Prison at Sacramento (CSP-SAC) serving a sentence of ten years and fifteen years to life for convictions suffered on or about May 20, 2009, in the Superior Court of the State of California, County of Tulare, for kidnaping for the purpose of robbery with gun and gang enhancements, assault with a deadly weapon, and a criminal threat.  (Pet., doc. 1, 1.)

Petitioner alleges the following claims in the petition: 1) conviction of kidnaping for robbery in the absence of sufficient evidence to prove beyond a reasonable doubt an intent to rob formulated prior to the kidnaping, considered in light of the prosecutor's misstatements of evidence and the law, violated Petitioner's right to due process of law under the Fourteenth Amendment and the state constitution (id. at 4, 15-21); 2) re-sentencing Petitioner to eight additional years beyond the original sentence based on an inapplicable statute and with a dual use of facts violated Petitioner's right to due process of law (id. at 4, 21-23); 3) conviction of a gang enhancement without proof of a specific intent to benefit a street gang except based on expert testimony violated Petitioner's right to due process of law (id. at 5, 16, 23-24); 4) a life sentence for a juvenile who did not commit murder or attempted murder or have a record of convictions that would qualify as three strikes was

3

1  cruel and unusual punishment under the state and federal

2  constitutions (id. at 5, 24, 29-31); 5) Petitioner's right under

3  the Fourteenth Amendment to the effective assistance of appellate

4  counsel was violated by counsel's failure to raise the grounds

5  raised in this petition (id. at 6, 31); and 6) the evidence was

6  insufficient to establish that the group was a criminal street

7  gang (id. at 6).

8      III.  State Law Claims

9          A. Legal Standards

10  Because the petition was filed after April 24, 1996, the

11  effective date of the Antiterrorism and Effective Death Penalty

12  Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

13  Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

14  1484, 1499 (9th Cir. 1997).

15  A district court may entertain a petition for a writ of

16  habeas corpus by a person in custody pursuant to the judgment of

17  a state court only on the ground that the custody is in violation

18  of the Constitution, laws, or treaties of the United States.  28

19  U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

20  375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, -, 131 S.Ct. 13,

21  16 (2010) (per curiam).

22  Federal habeas relief is not available to retry a state

23  issue that does not rise to the level of a federal constitutional

24  violation.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

25  Alleged errors in the application of state law are not cognizable

26  in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616 (9th

27  Cir. 2002) (a claim challenging state court's discretionary

28  decision concerning application of state sentencing law presented

4

only state law issues and was not cognizable in a proceeding

pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110 F.3d 1380,

1389 (9th Cir. 1996).  The Court accepts a state court's

interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d 1380,

1389 (9th Cir. 1996).  In a habeas corpus proceeding, this Court

is bound by the California Supreme Court's interpretation of

California law unless it is determined that the interpretation is

untenable or a veiled attempt to avoid review of federal

questions.  <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir.

2001).

## B.  Analysis of Petitioner's Claims

### 1.  Claims Based in Part on State Law

Petitioner expressly relies in part on the state

constitution in his first and fourth claims; thus, insofar as

Petitioner relies on state law in those two claims, the claims

must be dismissed.  Because state law claims are not legally

cognizable in a proceeding pursuant to § 2254, to the extent that

Petitioner's second claim concerning the sufficiency of the

evidence and Petitioner's fourth claim concerning allegedly cruel

and unusual punishment are based on the state law, they must be

dismissed without leave to amend.  The parts of Petitioner's

first and fourth claims based on the Federal Constitution are not

affected by the dismissal without leave to amend.

### 2.  Claims with Unclear Legal Bases

With respect to Petitioner's second claim concerning re-

sentencing as a violation of due process, and his sixth claim

concerning the sufficiency of evidence, Petitioner does not

expressly refer to any provision of the Federal Constitution as

the legal basis of his claims.[1]  Thus, it is not clear that

Petitioner is stating claims based on federal law.

It is possible that Petitioner intended to state claims

based on federal law.  Thus, Petitioner should be granted leave

to amend the petition to state federal claims expressly.

IV.  <u>Amendment of the Petition</u>

Because the federal legal basis of Petitioner's second and

sixth claims is unclear, Petitioner's second and sixth claims

must be dismissed.

However, Petitioner will be given an opportunity to file a

first amended petition to cure the deficiencies in his second and

sixth claims.  Petitioner is advised that failure to file a

petition in compliance with this order (i.e., a completed

petition with cognizable federal claims clearly stated) within

the allotted time will result in dismissal of the petition and

termination of the action.  Petitioner is advised that the

amended petition should be entitled, "First Amended Petition,"

and it must refer to the case number in this action.  Further,

Petitioner is informed that Local Rule 220 provides that unless

prior approval to the contrary is obtained from the Court, every

pleading as to which an amendment or supplement is permitted

shall be retyped or rewritten and filed so that it is complete in

itself without reference to the prior or superseded pleading.

///

---

[1] With respect to Petitioner's third claim, although Petitioner does not expressly refer to the federal Constitution, he does cite authority which in turn cites to cases expressly relying on <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).  Thus, Petitioner's third claim is understood as a federal due process claim.

V.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's first and fourth claims concerning the sufficiency of the evidence and cruel and unusual punishment are DISMISSED without leave to amend insofar as they are based on the state constitution because they are not cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) Petitioner's second and sixth claims concerning due process and sufficiency of the evidence are DISMISSED with leave to amend because it is unclear whether they are based on federal law; and

3) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

4) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   **October 26, 2012**                    **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE